CHIEF JUSTICE CARRICO,
dissenting.
I dissent. I think City of Edmonds v. Oxford House, Inc., _U.S__, 115 S.Ct. 1776, (1995), upon which the majority places so much reliance, is inapposite. The sole question the Supreme Court decided in Edmonds was whether the definition of “family” in a local zoning code qualified for exemption from the anti-discrimination provisions of the federal Fair Housing Act (FHA). No question about the applicability of the FHA, or any other federal question, is presented in the case now before this Court.
Rather, the only question presented here concerns the interpretation of a state statute, Code § 15.1-486.3, and § 70-24 of the zoning ordinance of the Town of West Point. I think, as the majority holds, that the effect of § 15.1-486.3 is to limit the power of a locality to exclude from a residential district a group home that houses “mentally ill, mentally retarded, or developmentally disabled persons” and that has been licensed by the Department of *26 Mental Health, Mental Retardation and Substance Abuse Services.
I also think, however, that, in unmistakable terms, both § 15.1-486.3 of the Code and § 70-24 of the Town’s zoning ordinance limit to eight the number of mentally ill, mentally retarded, or developmentally disabled persons who may reside in a group home located in a residential district. Accordingly, contrary to the holding of the majority, I would find that the Town has violated the statute by allowing a group home, with more than eight disabled persons, to be operated in a residential district.